09-0324-ag
Deysi v. Holder

BIA
Straus, IJ
A095 150 179
A095 150 180

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5ᵗʰ day of March, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> JOSEPH M. McLAUGHLIN,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

DIANA DEYSI, HELMI SETIADI,
> *Petitioners*,

v.                                          09-0324-ag
                                            NAC

ERIC H. HOLDER, JR.,[1] UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Acting Attorney General Mark R. Filip as respondent in this case.

**FOR PETITIONER:** Justin Conlon, Law Offices of Michael Boyle, North Haven, Connecticut.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Marion E. Guyton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Diana Deysi and Helmi Seitadi, natives and citizens of Indonesia, seek review of the April 2, 2007 order of the BIA affirming the December 31, 2008 decision of Immigration Judge ("IJ") Michael W. Straus, which pretermitted their application for asylum and denied their application for withholding of removal and relief under the Convention Against Torture ("CAT").[2] *In re Diana Deysi, Helmi Setiadi*, No. A095 150 179/80 (B.I.A. Apr. 02, 2008), *aff'g* No. A095 150 179/80 (Immig. Ct. Hartford, CT Dec. 31, 2006). We assume the parties' familiarity with the underlying facts

---

[2] Because Seitadi's claim is wholly dependent on Deysi's and he was listed as a derivative applicant on her application for asylum, we refer to Deysi alone throughout this order.

and procedural history in this case.

Under the circumstances of this case, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). Substantial evidence supports the agency's adverse credibility determination.[3]

The adverse credibility determination relied, in part, "on the language and story similarity between [Deysi's] application and others prepared by [the Chinese Indonesian American Society ("CIAS")]." Deysi's application is strikingly similar to fraudulent applications submitted by CIAS. *See Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (upholding an adverse credibility determination based, in part, on the similarities between affidavits provided by different people from the alien's country of nationality in support of the alien's asylum application); *see also Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir.

---

[3] Deysi does not challenge the agency's finding that her asylum application was untimely.

2007).

The IJ also reasonably relied on inconsistencies in Deysi's testimony. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106-107 (2d Cir. 2006). As the IJ observed Deysi first testified that she was assisted by the CIAS only as translators in preparing her asylum application; but "it was very clear [on cross-examination] that they did a lot more than translating even by [her] own admissions." Further, the IJ found that Deysi failed to explain why she had "three or four revisions of her asylum application" with CIAS, when she testified that she did not speak English and would not be able to review any corrections made by CIAS. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Further, the agency reasonably relied on the lack of corroboration for Deysi's account. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006). Specifically, Deysi "was on notice that the credibility of her application would be spotlighted precisely because of the evidence of fraud stemming from Operation Jakarta," yet she "offered no new corroborative evidence since her original hearing."

Lastly, the agency relied on omissions on a

4

questionnaire that Deysi completed with CIAS in preparation for her asylum application. We generally accord deference to the agency's evaluation of documentary evidence. *See id.* at 342. Regardless of the weight the agency gave to this particular document, remand would be futile in this case because the agency's broader credibility determination is amply supported by the record. *See id.* at 335; *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

Deysi's application for withholding of removal and CAT relief were based on the same factual predicate and therefore were reasonably denied. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk